**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000205
25-JUL-2012
08:21 AM**

NO. CAAP-10-0000205

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARK ALLEN BEARD, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3P7 09-0943)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Mark Allen Beard (Beard) appeals
from the Amended Judgment of Conviction & Sentence (Judgment)
filed on October 5, 2010 in the District Court of the Third
Circuit, North and South Kona Division (district court).[1] After
a bench trial, the district court convicted Beard of Abuse of
Family or Household Member, in violation of Hawaii Revised
Statutes (HRS) § 709-906; Terroristic Threatening in the Second
Degree, in violation of HRS § 707-717; and Interference with
Reporting an Emergency or Crime, in violation of HRS § 710-
1010.5.

On appeal, Beard raises the following points of error:
(1) his trial counsel, Keola A. Siu (Siu), provided him with
ineffective assistance of counsel by incorrectly advising him to

_____

[1]  The Honorable Joseph P. Florendo, Jr. presided.

waive his right to a jury trial and (2) due to the incorrect advice of counsel, his waiver of his right to a jury trial was not knowingly, intelligently, and voluntarily made. Beard also argues that his subsequent trial counsel, Ann S. Datta (Datta), was ineffective for eliciting prejudicial and irrelevant testimony from the complainant, then failing to object or move to strike the testimony, and in failing to object or move to strike particular testimony from Officer Hanoa.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve this appeal as follows.

We first address Appellee State of Hawaii's (Appellee State) suggestion in its Answering Brief that the failure of the district court to conduct a colloquy with Beard regarding his waiver of a jury trial is a basis for overturning his conviction and requiring a new trial, regardless of the effectiveness of trial counsel's advice. Appellant Beard did not raise this issue on appeal. In his Reply Brief, Beard acknowledges that under Rule 5(b)(3) of the Hawai'i Rules of Penal Procedure (HRPP), the waiver of the right to a jury trial can be made "in writing or orally." Appellant Beard further notes that he signed a written waiver indicating that he understood his right to a jury trial and that he was waiving that right of his own free choice and with a clear mind.[2] Defendant Beard does not argue that a

---

[2] Beard's written waiver of jury trial states:

> I, MARK ALLEN BEARD, hereby withdraw my demand for jury trial made on May 4, 2009, before the District Court of the Third Circuit, North & South Kona Division.
> I, MARK ALLEN BEARD, am charged with Abuse of Family or Household Member, Reporting an Emergency or Crime, Terroristic Threatening in the Second Degree (Ct.'s 3, 4) have been informed by my attorney, Deputy Public Defender KEOLA A. SIU that I have the right to have a trial by jury. I understand that in a jury trial, my attorney and I have the right of selecting 12 persons from a panel of potential
> (continued...)

colloquy by the court was necessarily required, but instead states in his Reply Brief that "if the State's contention is correct and an in-court colloquy in addition to the signed written waiver was required, then Defendant-Appellant agrees that the court plainly erred in accepting Beard's waiver of his right to jury trial and this case must be remanded for a new trial." In turn, the Office of the Public Defender in its Answering Brief states that "as to the State's contention that an in-court colloquy is required to obtain a valid waiver of the right to jury trial where Defendant-Appellant executed a written waiver, the OPD respectfully disagrees."[3]

Although a colloquy is no doubt advisable, it is not required for every waiver of a jury trial. In determining the validity of a defendant's waiver of jury trial, the Hawaiʻi Supreme Court "will look to the totality of facts and circumstances of each particular case." State v. Friedman, 93 Hawaiʻi 63, 68-69, 996 P.2d 268, 273-74 (2000). The supreme court in Friedman rejected "a 'bright line rule' that a jury waiver can never be voluntary and knowing if a trial court fails to advise a defendant of any of the four aspects of a jury trial[.]"[4] Id. at 69, 996 P.2d at 274. Moreover, the Friedman

---

[2] (...continued)
jurors; that we have a certain number of peremptory challenges which can be used to excuse a juror for any reason; that all 12 jurors must unanimously agree before a verdict can be rendered. I understand that in a non-jury trial, a judge alone hears the evidence and decides my guilt or innocence.
I hereby **WAIVE** (give up) my right to a jury trial, and agree to a trial by a judge without a jury. I make this waiver of my own free choice and with a clear mind.

[3] The Office of the Public Defender filed an Answering Brief after this court's March 23, 2012 order requiring that the Opening Brief be served on Siu and Datta and allowing Siu and Datta to file an Answering Brief.

[4] The written waiver in this case actually covers Beard's understanding about the four aspects of waiving a jury trial that the Hawaiʻi Supreme Court considered but did not require as a "bright line rule." Friedman 93 Hawaiʻi at 69, 996 P.2d at 274 (declining to adopt as constitutionally required for
(continued...)

court relied on United States v. Cochran, 770 F.2d 850 (9th Cir. 1985), noting that Cochran held "that the [trial] court's failure to conduct a colloquy informing the defendant of all aspects of the right to a trial by jury does not *ipso facto* constitute reversible error[.]" Id. at 70, 996 P.2d at 275.

Given the totality of the circumstances in the record on appeal before us, including the written waiver executed by Beard and Beard's own position on this issue, the district court's failure to conduct a colloquy in this case was not, in and of itself, plain error.

With regard to Beard's points of error, all of which are grounded on his allegations that he received ineffective assistance of counsel, the record is not sufficiently developed. "If the record is unclear or void as to the basis for counsel's actions, counsel shall be given the opportunity to explain his or her actions in an appropriate proceeding before the trial court judge." Briones v. State, 74 Haw. 442, 463, 848 P.2d 966, 977 (1993); See State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993).

As to Beard's first two points of error, the record does not contain Siu's position as to whether in fact he provided Beard with the alleged faulty advice or provide Siu's explanation for the alleged advice he provided to Beard. Thus, the record is unclear as to whether Siu's assistance was ineffective. The record is also unclear whether Beard's waiver of his right to a jury trial was thus invalid due to the alleged faulty advice. These issues may be raised in a petition as allowed under HRPP Rule 40. Moreover, although we concluded above that lack of a colloquy in and of itself was not plain error, the lack of a

---

[4] (...continued)
every waiver of jury trial that a trial court advise the defendant that "(1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial.") (Citation omitted).

colloquy may be considered as part of the totality of the circumstances in an HRPP Rule 40 Petition addressing whether Beard's waiver of a jury trial was invalid due to the alleged faulty advice of trial counsel.

As to Beard's remaining points of error, the record does not contain Datta's explanation with regard to Beard's claims that she was ineffective in her examination of the complainant, that she failed to object and move to strike complainant's testimony regarding Beard's demeanor, and that she failed to object to Officer Hanoa's testimony that the neighbors did not hear any shots fired. Therefore, it is also appropriate that Beard raise these issues in an HRPP Rule 40 proceeding where the record can be properly developed.

Therefore,

IT IS HEREBY ORDERED that the Amended Judgment of Conviction & Sentence, filed on October 5, 2010 in the District Court of the Third Circuit, is affirmed without prejudice to Beard filing a petition pursuant to HRPP Rule 40 on the issues raised in this appeal.

DATED: Honolulu, Hawai'i, July 25, 2012.

On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant

Presiding Judge

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Associate Judge

Jon N. Ikenaga
Deputy Public Defender
for Office of the Public Defender

Associate Judge